IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:15-CR-192 |
| ROBERT COREY GASS, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 24, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Wes Wynne. The Court conducted the hearing contemporaneously with related Cause No. 4:04-CR-85.

Robert Gass was sentenced on January 28, 2015, before The Honorable Ed Kinkeade of the Northern District of Texas after pleading guilty to the offense of Escape, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 7 and a criminal history category of IV, was 8 to 14 months. Robert Gass was subsequently sentenced to Credit for Time Served followed by a 1 year term of supervised release, subject to the standard conditions of release, plus special conditions to include abiding by all conditions set out in Case 4:04-CR-85-1, weekly reporting while unemployed, drug treatment and aftercare, mental health aftercare, and a $100 special assessment. On January 28, 2015, Robert Gass completed his period of imprisonment and began

service of the supervision term. On October 19, 2015, jurisdiction in this case was transferred to the Eastern District of Texas and assigned to The Honorable Amos L. Mazzant, U.S. District Judge. On January 19, 2016, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 3, Sealed]. On February 2, 2016, the U.S. Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 6, Sealed].

On June 18, 2020, the U.S. Probation Officer executed a Second Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 24, Sealed]. The Second Amended Petition, the live Petition, asserted that Defendant violated eight (8) conditions of supervision, as follows: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) the defendant shall refrain from any unlawful use of a controlled substance; (4) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (5) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer; (6) the defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Officer for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment; (7) the defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed

physician; and (8) the defendant shall pay to the United States a special assessment of $100.00 which shall be due immediately.

The Second Amended Petition alleges that Defendant committed the following acts: (1), (2) on November 10, 2015, Mr. Gass was arrested by the Dallas Police Department for the Class C Misdemeanor offense of Public Intoxication, a violation of Texas Penal Code §49.02. An arrest sheet indicates officers were dispatched to the area of 10500 C.F. Hawn Freeway in Dallas, Texas, in reference to the defendant being confronted by a homeowner and fleeing towards his vehicle on the freeway. He was arrested after exhibiting signs of intoxication. According to the Dallas Municipal Court, the defendant has an active city warrant in this case and an outstanding fine balance of $616. On December 18, 2015, at approx. 8:50 AM, Mr. Gass was arrested by the Paris Police Department for the Class C Misdemeanor offense of Public Intoxication, a violation of Texas Penal Code §49.02.  An arrest report indicates officers were dispatched to 707 Lamar Avenue in Paris, Texas in reference to a suspicious person. Upon arrival, the defendant was observed looking inside a truck that did not belong to him and was detained. While detained, the defendant exhibited signs of intoxication and was arrested. According to the Paris Municipal Court, Mr. Gass received credit for jail time served for this offense. On December 18, 2015, at approx. 9:20 PM, Mr. Gass was arrested by the Paris Police Department for the Class C Misdemeanor offense of Public Intoxication, a violation of Texas Penal Code §49.02. An arrest report indicates officer were dispatched to a disturbance call at an apartment complex located at 440 Grand Avenue in Paris, Texas. Upon arrival, a complainant informed officers the defendant was tearing his apartment up and refused to leave. Mr. Gass was found in the hallway and had the distinct odor of an alcoholic beverage emitting from his breath and body. Officers note the defendant as being uncooperative and belligerent. As such, he was arrested for exhibiting signs of

intoxication. According to the Paris Municipal Court, as of this writing, there is no active city warrant but Mr. Gass failed to pay his fine as directed and has a balance of $325. On January 14, 2016, Mr. Gass committed the State Jail Felony offense of Evading Arrest/Detention with the Use of a Motor Vehicle, a violation of Texas Penal Code §38.04(b)(1). An incident report shows officers initiated a traffic stop on a white Pontiac Firebird Trans-Am at approx. 12:12 PM in the 1700 block of Bonham Street in Paris, Texas, due to observing an inoperable rear brake light. An officer standing outside the driver's window recognized the driver as the defendant and was waiting for Mr. Gass to roll his window down. Mr. Gass suddenly put the vehicle in drive and aggressively sped off, spinning the rear tires as he fled. A high speed vehicle pursuit ensued and officers followed the defendant with emergency equipment activated for a distance of approx. 10.5 miles until the pursuit was called off by a Lieutenant due to safety concerns. At the time of this offense Mr. Gass remained at large; however he was ultimately arrested for a subsequent felony offense on January 24, 2016. On May 31, 2016, Mr. Gass pled guilty in Lamar County to an enhanced charge of Evading Arrest/Detention with Motor Vehicle, Deadly Weapon Finding, Habitual Offender and was sentenced to 25 years in TDCJ-Institutional Division. On January 24, 2016, Mr. Gass committed the Second-Degree Felony offense of Aggravated Assault with a Deadly Weapon, a violation of Texas Penal Code §22.02(a)(2). An arrest report indicates Paris Police Officers were directed to 1134 Tudor Street in Paris, Texas in reference to a fight in progress. Upon arrival, an officer observed the defendant and a man, identified as Paul Bailey, fighting on the ground. Bailey had blood coming from his head area and advised the officer Mr. Gass struck him in the head multiple times with a baseball bat. Witnesses at the scene confirmed the victim's account and the bat was located in close proximity. The offender was arrested for the new felony conduct and his outstanding federal warrant in the instant case. On May 31, 2016, the

charge was dismissed in light of Mr. Gass pleading guilty to the Evading Arrest, Deadly Weapon Finding, Habitual Offender charge mentioned above; (3) on May 29, 2015, Mr. Gass submitted a urine specimen which tested positive for amphetamine. Said test result was confirmed by Alere Laboratory; (4) on June 10, 2015, Mr. Gass submitted a urine specimen which tested positive for marijuana. Said test was confirmed by Alere Laboratory; (5) Mr. Gass failed to submit a written monthly report in November and December 2015. Mr. Gass failed to report as instructed to the U.S. Probation Department in Plano, Texas, for administrative hearings on November 30, 2015 and January 8, 2016; (6) Mr. Gass failed to participate in a program of testing for drug abuse on June 2, 2015, by submitting a urine specimen that was not consistent with normal human urine, as determined by Alere Laboratory. Mr. Gass failed to participate in a program of testing for drug abuse by failing to report and submit a urinalysis test as directed on August 5, 18, 2015; September 16, 2015; October 1, 5, 21, 2015; November 2, 19, 23, 2015, and December 7, 2015. In September 2015, Mr. Gass was unsuccessfully discharged from outpatient substance abuse group counseling at Pierce & Agnew, a contract treatment provider in Paris, Texas. Treatment records indicate the discharge resulted from negative participation in group sessions, alcohol use prior to a session in August, 2015, and his interaction being focused on his anger towards the legal system; (7) Mr. Gass failed to participate in psychiatric, psychological, or mental health treatment by failing to report as directed November 3, 2015, for a mental health evaluation with Texoma Counseling Associates (Blackburn Social Services), a contract treatment provider in Denison, Texas. Mr. Gass failed to participate in psychiatric, psychological, or mental health treatment by failing to report as scheduled to meet with the psychiatric nurse practitioner for pharmacological management and/or his assigned mental health counselor at the Lakes Regional MHMR Center in Paris, Texas on October 13, 23, and December 1, 2, and 8, 2015; and (8) Mr. Gass has made no payment toward

the special assessment. The defendant signed a Probation Form 7S(c), Admission of Nonpayment, on November 18, 2015, and provided no explanation for the violation. He was instructed to pay the balance in full by December 1, 2015; however as of this writing, no payment has been received and the special assessment balance remains $100.

Prior to the Government putting on its case, Defendant entered a plea of true to paragraph 4 of allegation 1 of the Second Amended Petition (Dkt. 24 at p. 2, ¶ "On January 14, 2016"). The Government dismissed the remaining allegations. Having considered the Second Amended Petition and the plea of true to paragraph 4 of allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons for a term of twenty-four (24) months of imprisonment, such term of imprisonment to run concurrent to Defendant's state case(s) [Case No. 26593] and also Cause No. 4:04-CR-85, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in FCI El Reno, Oklahoma, if appropriate.

**SIGNED this 8th day of July, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE